**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**SUEELLEN HAWN, on behalf of**
**Plaintiff and all others similarly situated,**

                                                    **Plaintiff.**

                                                                        **No.** _  20-cv-6438
**-against-**                                                            **CLASS ACTION**
                                                                        **JURY DEMANDED**
**SELIP & STYLIANOU, LLP,**

                                                    **Defendant.**

_____

## COMPLAINT – CLASS ACTION

### INTRODUCTION

1.      Plaintiff Sueellen Hawn ("Hawn")  brings this action to secure redress regarding

unlawful collection practices engaged in by Defendant Selip & Stylianou, LLC ("Selip").

Plaintiff alleges violations of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq.

("FDCPA") and New York General Business Law §349 ("GBL §349").

2.      Plaintiff complains that Selip presents court clerks with default judgments that

provide for disbursements which are not "necessary."

3.      This practice injured Plaintiff and other consumers by making them liable for

inflated amounts.

4.      The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct

which harasses or abuses any debtor, and the use of any false or deceptive statements in

connection with debt collection attempts. It also requires debt collectors to give debtors certain

information. 15 U.S.C. §§1692d, 1692e, 1692f and 1692g.

5.      In enacting the FDCPA, Congress found that: "[t]here is abundant evidence of the

use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive

debt collection practices contribute to the number of personal bankruptcies, to marital instability,

to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. §1692(a).

6.      Because of this, courts have held that "the FDCPA's legislative intent emphasizes

the need to construe the statute broadly, so that we may protect consumers against debt collectors'

harassing conduct." and that "[t]his intent cannot be underestimated." *Ramirez v. Apex Financial

Management LLC*, 567 F.Supp.2d 1035, 1042 (N.D.Ill. 2008).

7.      The FDCPA encourages consumers to act as "private attorneys general" to enforce

the public policies and protect the civil rights expressed therein. *Crabill v. Trans Union, LLC*,

259 F.3d 662, 666 (7th Cir. 2001).

8.      Plaintiff seeks to enforce those policies and civil rights which are expressed

through the FDCPA, 15 U.S.C. §1692 *et seq.*

9.      GBL §349 prohibits deceptive acts or practices against consumers in New York

State in the conduct of any business, trade or commerce, or furnishing of any service.

10.      Selip files thousands of consumer debt collection actions for a sum certain on an

annual basis. In actions in which consumers default on these actions for a sum certain, Selip

submits to court clerks applications for default judgments, supported by attorney affirmations and

affidavits of proof pursuant to New York Civil Practice Law and Rules ("CPLR") 3215(a).

11.      CPLR 3215(a) provides:

§ 3215. Default judgment. (a) Default and entry. When a defendant has failed to appear,
plead or proceed to trial of an action reached and called for trial, or when the court orders
a dismissal for any other neglect to proceed, the plaintiff may seek a default judgment
against him. If the plaintiff's claim is for a sum certain or for a sum which can by
computation be made certain, application may be made to the clerk within one year after
the default. The clerk, upon submission of the requisite proof, shall enter judgment for
the amount demanded in the complaint or stated in the notice served pursuant to
subdivision (b) of rule 305, plus costs and interest. Upon entering a judgment against less
than all defendants, the clerk shall also enter an order severing the action as to them.
When a plaintiff has failed to proceed to trial of an action reached and called for trial, or
when the court orders a dismissal for any other neglect to proceed, the defendant may

make application to the clerk within one year after the default and the clerk, upon submission of the requisite proof, shall enter judgment for costs. Where the case is not one in which the clerk can enter judgment, the plaintiff shall apply to the court for judgment.

12.    Thus, the taxation of costs and disbursements and interest is a ministerial act performed by the clerk.

13.    These applications for default judgments generally include as part of the proposed judgment a request for certain taxable disbursements.

14.    A party is "entitled to tax his necessary disbursements" for, among other disbursements, "(8) the sheriff's fees for receiving and returning one execution." CPLR §8301(a).

15.    "Necessary" means that the judgment debtor has property or income subject to an execution, that the judgment debtor will issue an execution on such property or wages, and/or that the amount claimed for the execution complies with CPLR §8011(b)-(c).

16.    Even if any part of the sheriff's fee for one execution is legitimately claimed as necessary, the amount for taxing the sheriff's fees for receiving and returning one execution is $15.00 pursuant to CPLR §8011(b)-(c), so that any amount claimed in excess of $15.00 is by statute improper and unnecessary.

17.    On thousands of occasions each year, Selip makes applications to court clerks supported by attorney affirmations for thousands of default judgments annually that include disbursements for prospective sheriff's execution fees where (a) no execution is necessary and/or (b) the amount exceeds $15.00.

## JURISDICTION AND VENUE

18.    Jurisdiction of this Court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. §1331, and supplemental jurisdiction exists for state law claims pursuant to 28 U.S.C. §1367.

19.    Venue in this District is proper in that the Defendant transacts business here and the conduct complained of occurred here.

## PARTIES

20.     Plaintiff Sueellen Hawn ("Hawn") is a natural person residing in Wayne County, New York.

21.     Defendant Selip & Stylianou, LLP ("Selip") is a law firm organized as a New York limited liability partnership.   It has a principal place of business at PO Box 9004, 199 Crossways Park Drive, Woodbury, New York 11797.

22.     Selip is engaged in the business of collecting consumer debts, using the mails and telephone system for that purpose.

23.     Selip states on its web site (http://www.seliplaw.com) that it "provides its clients with thorough, complete and comprehensive legal representation throughout the entire states of New York and New Jersey in the practice area of Creditor's Rights litigation and consulting."

24.     Selip files thousands of collection lawsuits against consumers each year in New York state courts.

25.     Selip is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6), as a person who uses one or more instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, and who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

26.     Selip sought to collect from Hawn a debt which was alleged to have been incurred in a transaction engaged in primarily for personal, family, or household purposes.

27.     The vast majority of the thousands of consumer collection cases that Selip files each year in New York State courts result in applications for default judgments.

28.     Default judgment applications in consumer collection cases, which are for a sum

certain, are made in accordance with CPLR § 3215.

29.     With regard to disbursements, proposed default judgments are generally supported by an attorney affirmation affirming under penalty of perjury that the disbursements specified in the default judgment have been or will necessarily be made or incurred.

30.     Taxable disbursements allowed in a judgment are set forth in CPLR §8301(a), which provides that a party to whom costs are awarded in an action is "entitled to tax his necessary disbursements" for, among various other disbursements, "(8) the sheriff's fees for receiving and returning one execution."

31.     Taxation of disbursements that are not necessary is not allowed pursuant to CPLR §8301(a).

32.     The sheriff's fees for receiving and returning one execution is fifteen dollars ($15.00) pursuant to CPLR §8011(b) for a property execution and CPLR §8011(c) for an income execution.

33.     Selip's default judgment applications generally request a "Prospective Execution Fee" of $22.50 with regard to the sheriff's fees for receiving and returning one execution, regardless of whether any execution is ever issued.

34.     The attorney affirmations supporting applications for default judgments that are submitted by Selip recite that the execution of $22.50 is necessary. This is not true.

35.     The claims brought by Plaintiff in this action under the FDCPA and GBL §349 speak not to the propriety of any ruling by a judge, but to the deceptive and abusive course of conduct that Selip pursues in applying for such default judgments by use of attorney affirmations (a) stating that prospective sheriff's execution fees are necessary when they are not necessary whether in whole or in part and (b) claiming prospective sheriff's execution fees that exceed the statutorily authorized amount of $15.00 in CPLR §8011(b) are necessary.

36.     On January 8, 2020, Selip filed with the Wayne County Clerk's Office a proposed application for a default judgment in a debt collection action against Hawn in New York State Supreme Court, Wayne County, entitled *TD Bank USA, N.A. v. Sueellen M. Hawn*, Index No. CV084967. A copy of the default judgment that was signed by the Wayne County Clerk, entered January 10, 2020, is attached as Exhibit A.

37.     The application for the default judgment against Hawn included a $22.50 disbursement for a sheriff's "Prospective Execution Fee." *Id*.

38.     An affirmation in the application, by an attorney employed by Selip, affirmed under penalty of perjury that the disbursements specified in the proposed default judgment "have been or will necessarily be made or incurred." *Id*.

39.     The total amount of the judgment, including the "Prospective Execution Fee," was $3,507.99.  (Exhibit A)

40.     Any execution against Hawn was not necessary to the extent the prospective execution fee of $22.50 impermissibly exceeds the $15.00 allowed by statute for one sheriff's execution fee.

41.     Hawn  learned of the $22.50 "Prospective Execution Fee" prior to the filing of this action.

42.     On February 24, 2020, the Sheriff of Wayne County served an income execution on Hawn.  A copy of the income execution and a cover letter is attached as Exhibit B.

43.     The amount sought by the Sheriff was $3,507.99, described as "principal," plus additional sums, including filing fees for the income execution of $45.

44.     The effect of including the $22.50 "Prospective Execution Fee" in the "principal" and then adding fees for the income execution to that amount is double recovery for execution fees.

45.     On information and belief, Selip is aware of the fact that the "Prospective

Execution Fee" is included in the "principal" of judgments and that execution fees are then added to the judgments.

46.    Hawn has been injured as a result of Selip's deceptive and abusive actions in (a) affirming that a disbursement of $22.50 was or will be necessarily incurred for a prospective sheriff's execution against her and (b) including the "Prospective Execution Fee" in the "principal" of the judgment and then adding fees for an income execution to the principal.

## **FIRST CLAIM – VIOLATIONS OF 15 U.S.C. §§ 1692e AND 1692f**

47.    Plaintiff incorporates paragraphs 1-46.

48.    Selip violated 15 U.S.C. §§1692, 1692e, 1692e(10), 1692f and 1692f(1) by:

    a.    Filing attorney affirmations stating that a prospective execution fee was a necessary disbursement where it was not;

    b.    Filing attorney affirmations seeking a prospective execution fee exceeding $15.00.

49.    Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(2)    The false representation of—

    (A)    the character, amount, or legal status of any debt; or

    (B)    any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. . . .

(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

50.    Section 1692f provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental

to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .

51.     The charges for executions were not authorized by any agreement and are not permitted by New York law.

52.     Plaintiff and each class member was damaged by the conduct complained of.

## CLASS ACTION ALLEGATIONS

53.     Plaintiff brings this claim on behalf of a class, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

54.     The class consists of (a) all individuals (b) sued in a New York state court (c) where an Additional Notice of Consumer Credit Action was filed (d) where Selip filed an attorney affirmation in support of a default judgment that claimed a necessary disbursement for one prospective sheriff's execution fee (e) where either no execution was necessary or the amount sought was in excess of $15.00.

55.     The class includes individuals where the affirmation was filed on or after a date one year prior to the filing of this action.

56.     Based on the volume of filings and default judgments by Selip, the members of the class exceed 35 in number. The class is therefore so numerous that joinder of all members is impracticable.

57.     There are questions of law and fact common to the class members, which predominate over any questions affecting only individual class members. The principal common questions are:

      a.     Whether Selip attorney affirmations that seek a prospective sheriff's execution fee are deceptive or unfair, when no execution is necessary.

      b.     Whether Selip attorney affirmations that seek a prospective sheriff's execution fee exceeding $15.00 are deceptive or unfair.

      c.      Whether the filing of such affirmations violates the FDCPA.

58.      The only individual issues are the identification of the class members and damages. This can readily be determined from Defendant's records or court records.

59.      Plaintiff's claims are typical of those of the class members. All claims are based on the same facts and legal theories.

60.      Plaintiff will fairly and adequately represent class members' interests. Plaintiff has retained counsel experienced in bringing class actions pursuant to the FDCPA and GBL §349.

61.      A class action is superior for the fair and efficient adjudication of the class members' claims, in that:

      a.      The amount of each claim is too small to make individual litigation economical.

      b.      Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

      c.      The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action.

      d.      Prosecution of separate actions by individual members of the class would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendant for:

      i.      Statutory damages;

      ii.      Actual damages equal to the improper fees;

      iii.      Attorney's fees, litigation expenses and costs of suit;

iv.    Such other or further relief as is proper.

**SECOND CLAIM – VIOLATIONS OF GBL § 349**

62.    Plaintiff incorporates paragraphs 1-46.

63.    Selip engaged in deceptive practices in violation of GBL §349 by:

a.    Filing attorney affirmations stating that a prospective execution fee was a necessary disbursement where it was not;

b.    Filing attorney affirmations seeking a prospective execution fee exceeding $15.00.

64.    Plaintiff and each class member was damaged by the conduct complained of.

65.    New York General Business Law §349(a) provides that "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

66.    Selip's deceptive conduct was consumer oriented in that it was directed against and harmed thousands of consumers.

67.    Selip's practices were deceptive and misleading in a material way.

68.    The conduct complained of was likely to harm a reasonable consumer acting reasonably under the circumstances.

**CLASS ACTION ALLEGATIONS**

69.    Plaintiff brings this claim on behalf of a class, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

70.    The class consists of (a) all individuals (b) sued in a New York state court © where an Additional Notice of Consumer Credit Action was filed (d) where Selip filed an attorney affirmation in support of a default judgment that claimed a necessary disbursement for one prospective sheriff's execution fee (e) where either no execution was issued or the amount

-10-

sought was in excess of $15.00.

71.    For purposes of the GBL §349 claim, the class includes individuals where the affirmation was filed on or after a date 3 years prior to the filing of this action. *Gaidon v. Guardian Life Ins. Co.*, 96 N.Y.2d 201, 208, 727 N.Y.S.2d 30, 750 N.E.2d 1078 (2001).

72.    Based on the volume of filings and default judgments by Selip, the members of the class exceed 35 in number. The class is therefore so numerous that joinder of all members is impracticable.

73.    There are questions of law and fact common to the class members, which predominate over any questions affecting only individual class members. The predominant common questions are:

   a.    Whether Selip attorney affirmations that seek a prospective sheriff's execution fee are deceptive because execution is not necessary.

   b.    Whether Selip attorney affirmations that seek a prospective sheriff's execution fee exceeding $15.00 are deceptive.

   c.    Whether the filing of such affirmations violates GBL §349.

74.    The only individual issues are the identification of the class members and damages. This can readily be determined from Defendant's records or court records.

75.    Plaintiff's claims are typical of those of the class members. All claims are based the same facts and legal theories.

76.    Plaintiff will fairly and adequately represent class members' interests. Plaintiff has retained counsel experienced in bringing class actions pursuant to the FDCPA and GBL §349.

77.    A class action is superior for the fair and efficient adjudication of the class members' claims, in that:

a.   The amount of each claim is too small to make individual litigation economical.

b.   The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action.

c.   Prosecution of separate actions by individual members of the class would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendant for:

i.   Statutory damages;

ii.   Actual damages equal to the improper fees;

iii.   Treble damages;

iv.   Appropriate injunctive relief;

v.   Attorney's fees, litigation expenses and costs of suit;

vi.   Such other or further relief as is proper.

## THIRD CLAIM – VIOLATIONS OF 15 U.S.C. §§ 1692e AND 1692f

78.   Plaintiff incorporates paragraphs 1-46.

79.   Selip violated 15 U.S.C. §§1692, 1692e, 1692e(10), 1692f and 1692f(1) by including prospective execution fees in the principal amount of judgments, to which execution fees were then added, resulting in double recovery of execution fees.

80.   Section 1692e provides:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .

(2)   The false representation of—

(A)    the character, amount, or legal status of any debt; or

(B)    any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. . ..

(10)    The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer. . . .

81.    Section 1692f provides:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(1) The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law. . . .

82.    The double recoveries for executions were not authorized by any agreement and are not  permitted by New York law.

83.    Plaintiff and each class member was damaged by the conduct complained of.

## CLASS ACTION ALLEGATIONS

84.    Plaintiff brings this claim on behalf of a class, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

85.    The class consists of (a) all individuals (b) sued in a New York state court (c) where an Additional Notice of Consumer Credit Action was filed (d) where Selip included prospective execution fees in the principal amount of judgments, to which  execution fees were then added.

86.    The class includes individuals where the income execution was filed on or after a date one year prior to the filing of this action.

87.    Based on the volume of filings and default judgments by Selip, the members of the class exceed 35 in number. The class is therefore so numerous that joinder of all members is impracticable.

88.    There are questions of law and fact common to the class members, which

predominate over any questions affecting only individual class members. The principal common questions are:

      a.     Whether it is proper to include prospective execution fees in the principal amount of judgments, to which execution fees are then added;

      b.     Whether such attempts at double recovery violate the FDCPA.

89.     The only individual issues are the identification of the class members and damages. This can readily be determined from Defendant's records or court and sheriffs' records.

90.     Plaintiff's claims are typical of those of the class members. All claims are based on the same facts and legal theories.

91.     Plaintiff will fairly and adequately represent class members' interests. Plaintiff has retained counsel experienced in bringing class actions pursuant to the FDCPA and GBL §349.

92.     A class action is superior for the fair and efficient adjudication of the class members' claims, in that:

      a.     The amount of each claim is too small to make individual litigation economical.

      b.     Congress specifically envisioned class actions as a principal means of enforcing the FDCPA. *See* 15 U.S.C. § 1692k.

      c.     The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action.

      d.     Prosecution of separate actions by individual members of the class would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and

the class and against Defendant for:

      i.     Statutory damages;

      ii.    Actual damages equal to the excess fees;

      iii.   Attorney's fees, litigation expenses and costs of suit;

      iv.   Such other or further relief as is proper.

**FOURTH CLAIM – VIOLATIONS OF GBL § 349**

93.    Plaintiff incorporates paragraphs 1-46.

94.    Selip engaged in deceptive practices in violation of GBL §349 by including prospective execution fees in the principal amount of judgments, to which  execution fees were then added, resulting in double recovery of execution fees.

95.    Plaintiff and each class member was damaged by the conduct complained of.

96.    New York General Business Law §349(a) provides that "Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state are hereby declared unlawful."

97.    Selip's deceptive conduct was consumer oriented in that it was directed against and harmed thousands of consumers.

98.    Selip's practices were deceptive and misleading in a material way.

99.    The conduct complained of was likely to harm a reasonable consumer acting reasonably under the circumstances.

**CLASS ACTION ALLEGATIONS**

100.    Plaintiff brings this claim on behalf of a class, pursuant to Rules 23(a) and 23(b)(3) of the Federal Rules of Civil Procedure.

101.    The class consists of (a) all individuals (b) sued in a New York state court © where an Additional Notice of Consumer Credit Action was filed (d) where Selip violated 15

U.S.C. §§1692, 1692e, 1692e(10), 1692f and 1692f(1) by including prospective execution fees in the principal amount of judgments, to which execution fees were then added, resulting in double recovery of execution fees.

102.    For purposes of the GBL §349 claim, the class includes individuals where the income execution was filed on or after a date 3 years prior to the filing of this action. *Gaidon v. Guardian Life Ins. Co.*, 96 N.Y.2d 201, 208, 727 N.Y.S.2d 30, 750 N.E.2d 1078 (2001).

103.    Based on the volume of filings and default judgments by Selip, the members of the class exceed 35 in number. The class is therefore so numerous that joinder of all members is impracticable.

104.    There are questions of law and fact common to the class members, which predominate over any questions affecting only individual class members. The predominant common questions are:

      a.    Whether it is proper to include prospective execution fees in the principal amount of judgments, to which execution fees were then added;

      b.    Whether doing so violates GBL §349.

105.    The only individual issues are the identification of the class members and damages. This can readily be determined from Defendant's records or court and sheriff's records.

106.    Plaintiff's claims are typical of those of the class members. All claims are based the same facts and legal theories.

107.    Plaintiff will fairly and adequately represent class members' interests. Plaintiff has retained counsel experienced in bringing class actions pursuant to the FDCPA and GBL §349.

108.    A class action is superior for the fair and efficient adjudication of the class

members' claims, in that:

    a.    The amount of each claim is too small to make individual litigation economical.

    b.    The members of the class are generally unsophisticated consumers, whose rights will not be vindicated in the absence of a class action.

    c.    Prosecution of separate actions by individual members of the class would also create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and the class and against Defendant for:

    i.    Statutory damages;

    ii.    Actual damages equal to the excess fees;

    iii.    Treble damages;

    iv.    Appropriate injunctive relief;

    v.    Attorney's fees, litigation expenses and costs of suit;

    vi.    Such other or further relief as is proper.

Dated: June_  , 2020

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by Jury.

    Respectfully submitted,


    */s/David M. Kaplan*
    David M. Kaplan
    46 Helmsford Way
    Penfield, NY 14526
    (585) 330-2222

dmkaplan@rochester.rr.com


*/s/Tiffany N. Hardy*
Tiffany N. Hardy
EDELMAN, COMBS, LATTURNER &
       GOODWIN, LLC
20 South Clark Street, Suite 1500
Chicago, IL 60603-1824
(312) 739-4200
(312) 419-0379 (FAX)
courtecl@edcombs.com

T:\37075\Pleading\Complaint--hawn--addedclaim.wpd_Pleading.wpd